IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | No. 3:24-CV-1967-S-BW | |
| § | | |
| RICHARDSON ISD, § | | |
| Defendant. § | Referred to U.S. Magistrate Judge[1] | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Andre W. Williams, Sr filed a *pro se* lawsuit in state court presenting employment-based claims, including under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Texas law; Defendant Richardson Independent School District ("RISD") removed Williams's lawsuit based on federal question jurisdiction. *See Williams v. Richardson Indep. Sch. Dist.*, No. 3:24-CV-1288-D-BW, ("*Williams I*"). On January 24, 2025, United States Senior District Judge Sidney A. Fitzwater adopted the undersigned's recommendation to partially grant RISD's motion to dismiss and grant Williams leave to amend his complaint for the remaining claims.[2] *See id.*

---

[1] This case was referred to the United States magistrate judge for full case management and for findings and recommendations on dispositive matters pursuant to Special Order 3. (*See* Dkt. No. 3.) On August 23, 2024, it was transferred and reassigned to the undersigned magistrate judge by Special Order 3-354. (*See* Dkt. No. 5.)

[2] Specifically, the Court denied RISD's motion with respect to its invocation of the affirmative defense for failure to exhaust administrative remedies and Williams's racial discrimination claim. *See Williams v. Richardson Indep. Sch. Dist.*, No. 3:24-CV-1288-D-BW, Dkt. No. 30 at 29. The Court granted RISD's motion to dismiss with respect to Williams's

While *Williams I* pended, Williams filed the instant case, also pro se, against RISD alleging violations under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, ADA, ADEA, and wrongful termination. (*See* Dkt. No. 3 ("Compl.").) Williams filed a motion for leave to proceed in forma pauperis ("IFP") on July 31, 2024, (*See* Dkt. No. 4 ("Mot.")), which the undersigned granted on April 4, 2025, (*See* Dkt. No. 6.) The undersigned now conducts the judicial screening as provided by 28 U.S.C. § 1915(e)(2).

For the reasons and to the extent set out below, the Court should dismiss this complaint without prejudice.

## DISCUSSION

This is at least Williams's second pro se lawsuit advancing employment discrimination claims against RISD in this district.

The malicious prong of the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(e)(2)(B)(i), empowers the Court to dismiss this successive lawsuit, through which Williams attempts a second "bite at the litigation apple[.]" *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple – but not more.").

---

claims for disability discrimination under the Americans with Disabilities Act, age discrimination under the Age Discrimination in Employment Act, Title VII retaliation, and Chapter 451 of the Texas Labor Code. *See id.* Williams's Chapter 451 of the Texas Labor Code claim was dismissed with prejudice as time barred, however, his remaining claims were dismissed without prejudice and the Court granted him leave to amend. *See id.*

- 2 -

An IFP "action is subject to dismissal as malicious if it repeats virtually identical claims based on a common series of occurrences." *McGee v. Acevedo*, 849 F. App'x 133, 134 (5th Cir. 2021) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)); *see also Brown v. Tex. Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) ("An action is malicious if it 'involve[s] a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit.'" (quoting *Bailey*, 846 F.2d at 1021)); *Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff." (citing *Bailey*, 846 F.2d at 1021)).

"[T]he Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of *res judicata*, whether or not the prior litigation has ended unsuccessfully for the plaintiff." *McGill v. Juanita Kraft Postal Serv.*, No. 3:03-cv-1113-K, 2003 WL 21355439, at *1 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003); *see also Dotson v. Atl. Specialty Ins. Co.*, 24 F.4th 999, 1002 (5th Cir. 2022) ("The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." (cleaned up)).

As *McGill* demonstrates, because "the court's power of dismissal in IFP cases under [Section 1915(e)(2)] is broader than in other civil cases under the Federal

Rules of Civil Procedure[,]" *Bailey*, 846 F.2d at 1021 (citation omitted), litigation may still be dismissed as malicious under § 1915(e)(2)(B)(i) where not all the conditions are met for a dismissal under one of the two preclusive doctrines, *compare, e.g.*, *Pittman*, 980 F.2d at 995 ("[I]t is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."); *Bailey*, 846 F.2d at 1021 ("In this case, Bailey's complaint repeats the same factual allegations that he asserted in his earlier case, although he successively sued different defendants. . . . We perceive no abuse of the district court's discretion in dismissing this case as duplicative of Bailey's prior litigation[.]"), *with Chalmers v. City of Dall.*, No. 3:14-cv-36-N, 2014 WL 7174289, at *6 (N.D. Tex. Dec. 16, 2014) ("In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." (citations omitted)).

      The similarity of Williams's two lawsuits is not a close question, as both involve his employment and termination at RISD. And, although Williams's pleadings in both cases are inartful, the claims here logically relate to the earlier suit. Moreover, Williams has not alleged factual content to dispel this conclusion.

      Unless he presents, through timely objections, facts to show that this action does not count as malicious under the IFP statute, the Court should dismiss this lawsuit without prejudice.

## RECOMMENDATION

The Court should dismiss this case without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

**SO RECOMMENDED** on April 7, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).